*C. W. Ashford*, for libellee.

---

REPUBLIC OF HAWAII *vs.* BEN. GALLAGHER.

MAIM.   EXCEPTIONS FROM MAY TERM, 1894, OF THE CIRCUIT
COURT, FIRST CIRCUIT.

HEARING, OCTOBER 2, 1894.    DECISION, OCTOBER 15, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

A charge of maim by biting and tearing off an ear under Penal Code,
Chap. 9, Sec. 3, is sustained by proof that a portion of the rim of
the ear was bitten off.

OPINION OF THE COURT, BY BICKERTON, J.

This case came on for trial at the May Term, 1894, of the
Circuit Court, for the First Circuit, and resulted in a
unanimous verdict of "guilty as charged," with a recommen-
dation to mercy, and the defendant was sentenced to

imprisonment at hard labor for six months, and a fine of five dollars. A motion for a new trial was made, and after argument was overruled.

The matter now comes here on a duly allowed bill of exceptions, covering several grounds of exception, but the only points presented to us in argument and briefs for our consideration are, first, the form of the charging part of the indictment; and second, the construction to be put upon the statute under which the defendant is charged. The charging part of the indictment is as follows : " With force and arms in and upon one Bert Peterson, feloniously, maliciously and forcibly, and without authority or justification by law, and with intent then and there the said Bert Peterson to maim, disfigure and mutilate, did make an assault and did feloniously and maliciously bite and tear off the right ear of the said Bert Peterson, contrary to," &c., &c. The statute under which the charge is laid, Chap. IX., Sec. 3, Penal Code, is as follows : " Whoever with malicious intent to maim, or disfigure or mutilate, shall cut out or maim the tongue, put out or destroy an eye, cut or tear off an ear, cut or slit or mutilate the nose or lip, or destroy or disable any limb, member or bodily organ of another, shall be punished," &c., &c. It seems to us that these two points must be taken and considered together. It is contended by defendant that the statute provides for offenses, one of a greater and the other of a less degree. We are not of that opinion ; it is very plain and clear and can only mean just what it says. The offense of destroying or disabling any member or bodily organ as provided for in the last part of the section, this being by counsel considered the lesser offense, was evidently not so considered by the legislature, but was added in general terms to cover all other acts of main not specially enumerated in the earlier part of the section. There is only one punishment provided, not two or more as in offenses where there are degrees, as in larceny, manslaughter, &c., &c., where the punishment is provided for each degree. In this statute the punishment is left to the discretion of the court, a fine of from one cent to

$1000, and any term not to exceed ten years; it might be even one hour; it is left to the court to impose such a punishment as the circumstances of the case and the extent of the injury inflicted demand. This is as it should be, for in cases charged under this law the injuries might be of a very serious or of a very slight nature, and yet be within the meaning of the statute.

Defendant's counsel in his brief says: "If our statute only provided for the tearing or cutting off of an ear, it is considered that the evidence would have supported the conviction," but contends that the evidence only proving a. mutilation of a member or organ, the proof was not sufficient to sustain the verdict, which is claimed to be contrary to the law and evidence.

The case of *State vs. Girkin*, 1 Iredell Rep. 121, reported in Arch. Grim. Pract. & Plead., vol. 2, p. 15, is from North Carolina. There the charge was that the defendant "unlawfully, and on purpose, did bite off the left ear of one James Watson * * * with intent to disfigure the said James Watson," &c., &c. The evidence showed that defendant and Watson had engaged in a fight and after Watson had bitten defendant's finger, the latter bit off a piece of Watson's ear, about an inch along the rim of the ear and about a quarter of an inch deep. The defendant's counsel insisted that the biting off part of the ear did not come within the statute. The jury were instructed that it was not necessary that the whole of the ear should be taken off, it being sufficient if a part was taken off, and was so large as to make it perceptible to any one that a part of the ear was gone. On appeal on this point the lower court was sustained.

In the case of *Thomas Slattery vs. The State*, XLI. Texas Reports, p. 319, it was held that "the offense of maiming is complete, though the member of which the party was deprived was put back to its proper place and afterwards grew there." In the case at bar the portion of the ear that was torn off was sewn on and part of it healed or grew there.

In the case of *Ryerson vs. Grover*, *et al.*, 1 N. J. p. 523, it

was held that "if the nose was bitten off, it is a cutting off within the meaning of the statute."

"To constitute a biting off an ear the whole ear need not be taken away, provided enough be removed to impair the personal appearance and render the individual less comely." 14 A. & E. Encycl. Law, p. 994, note.

The question was properly left to the jury ; it was for them to say whether or not Peterson's personal appearance was in fact impaired ; they were to judge from the evidence of Dr. Cooper and their own observation of Peterson who was before them as a witness. The charge of the court was very clear and plain on this point. The facts in this case were left entirely to the jury.

"In general it may be said, that in an indictment for maim, whether or not it be absolutely necessary to employ the exact words of the statute, it is well settled that the offense as to facts and circumstances must be brought within the provisions and limitations of the statute creating it, either by use of the terms employed in the Act, or others clearly and necessarily equivalent."

14 A. & E. Encycl. Law, p. 996.

We are of the opinion that the indictment in this case was sufficient in all respects, and the proofs sustained the charge there made, and the verdict of "guilty as charged" should stand. We see no reason for a new trial.

The exceptions are overruled.

*W. A. Kinney* and *Deputy Attorney-General, A. G. M. Robertson*, for prosecution.

*Cecil Brown*, for defendant.